IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY EUGENE STARCHER, (TDCJ-CID #806973) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-18-2361 |
| CARA WOOD, et al., Defendants. | § § § § | |

## MEMORANDUM AND OPINION

Rodney Eugene Starcher, a Texas Department of Criminal Justice inmate, sued in July 2018, alleging civil rights violations resulting from a denial of due process. Starcher, proceeding pro se and in forma pauperis, sues Cara Wood, Judge of 284th Judicial District Court of Montgomery County, Texas; Brett W. Ligon, District Attorney of Montgomery County; Jason Larman, Assistant District Attorney of Montgomery County; William J. Delmore, III, Assistant District Attorney of Montgomery County; and Barbara Gladden Adamick, District Clerk of Montgomery County.

The threshold issue is whether Starcher's claims should be dismissed as frivolous. The Court concludes that Starcher's claims lack merit and should be dismissed for the reasons stated below.

**I.   Starcher's Allegations**

Starcher asserts that on January 31, 2017, he served by certified mail, a writ of habeas corpus ad subjiciendum and a writ of habeas corpus ad testificandum. Starcher states that the writs were not a collateral attack upon his final conviction, but were, instead, a direct challenge to his jailer, Lorie Davis. Starcher filed the writs under Vernon's Annotated Texas Code of Criminal Procedure,

art. 11.131, under "Special Visitation." Starcher sought to question the respondent's jurisdiction without any valid charge being filed in any court of jurisdiction.

On February 6, 2017, Starcher was notified that his writ under 11.07 had been filed and that two writs were forwarded to the office of the Montgomery County District Attorney. On February 9, 2017, Brett W. Ligon, through his agent, Jason Larman, issued the State's answer to application for post-conviction writ of habeas corpus. This answer was presented to Judge Wood. On February 16, 2017, Defendant Adamick notified Starcher that Judge Wood had signed Findings of Fact and Conclusion of Law related to the Writ of Habeas Corpus ad Subjiciendum and Writ of Habeas Corpus ad Testificandum. On March 2, 2017, the defendants sent Starcher a copy of the post-conviction writ of habeas corpus.

Starcher asserts that the defendants were aware of the nature and meaning of the writ of habeas corpus ad subjiciendum and writ of habeas corpus ad testificandum. Starcher asserts that as the District Clerk for Montgomery County, Defendant Adamick knew from the cover letter that accompanied the writs, that the writs were not applications for post-conviction relief pursuant to art. 11.07. Starcher alleges that Defendant Adamick also knew that the named Defendant Brett W. Ligon was not named on the cover letter as a party to be included.

Starcher seeks compensatory damages of $1,600,000.00 per day, beginning February 3, 2017, through the date when this Complaint is finalized by this Court.

**II.     Standard of Review**

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I). A complaint is frivolous if it lacks an arguable basis in law or fact. *See*

2

*Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

### III.     Claims Against Judges

Judges are afforded absolute immunity when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 357-60 (1978). A judge's jurisdiction is construed broadly; a judge is not deprived of immunity because the action he took was erroneous, malicious, or exceeded his authority. *Id.* at 357. The nature of the function performed governs the immunity analysis. *Forrest v. White*, 484 U.S. 219, 227-229 (1988)(denying judge absolute immunity when performing administrative rather than judicial duties).

Starcher challenges the acts and omissions of Judge Wood, who presided over his criminal trial and post-conviction proceedings. Online research reveals that Judge Wood conducted Starcher's criminal trial. Starcher was convicted of murder on September 12, 1997. (Cause Number 96-02-00139). Starcher complains that Judge Wood improperly construed his writ of habeas corpus ad subjiciendum and writ of habeas corpus ad testificandum as writs for post-conviction relief and subsequently denied relief. Reviewing and granting motions filed by the parties are normal judicial functions. The controversy centers around a writ of habeas corpus ad subjiciendum and a writ of habeas corpus ad testificandum filed by Starcher that was properly in Judge Wood's court. The complained-of acts against Judge Wood arose out of her handling of the post-conviction proceedings.

The challenged acts of Judge Wood were judicial acts. Starcher does not allege, nor does the

3

record support, a clear absence of jurisdiction on the part of this judicial officer. Starcher's claims against Judge Wood lack merit because Starcher is seeking relief from a party who is immune from suit.

## IV. Claims Against the Court Clerk

"[A]bsolute immunity also extends to the court clerks," to the extent that they "perform [a] ministerial task . . . at the judge's behest." *Kastner v. Lawrence*, 390 F. App'x 311, 315 (5th Cir. 2010) (citation omitted). Said differently, "[c]ourt clerks are immune from actions 'for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" *Id.* (quoting *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)). And, while Starcher includes no allegations to show that any court employee named as a defendant acted without instructions from a judge, court clerks, "including their deputies, are entitled to qualified immunity involving 'routine actions.' Routine duties are those not explicitly 'commanded by court decree, or by judge's instructions.'" *Clay*, 242 F.3d at 682. Starcher's claims against Court Clerk Adamick lack merit because Starcher is seeking relief from a party who is immune from suit.

## V. Claims Against Prosecutors

Starcher seeks damages against District Attorney Ligon and Assistant District Attorneys Larman and Delmore for their conduct in post-conviction proceedings. Absolute immunity precludes his claim. Prosecutors have absolute immunity from such damages claims. *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 637 (5th Cir. 2000)(citing *Burns v. Reed*, 500 U.S. 478, 491 (1991)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial process. *Id.* Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford*, 171 F.3d 330,

336 (5th Cir. 1999)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The actions Starcher complains of are related to the judicial process and were undertaken in furtherance of the attorneys' advocacy function in their representation of the government. Defendants Ligon, Larman, and Delmore are entitled to absolute immunity from Starcher's suit, and the damages claims against them are dismissed.

## VI. Conclusion

The action filed by Rodney Eugene Starcher (TDCJ-CID Inmate #806973) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(I). Starcher has filed two motions to amend in which he asks to strike from his original complaint any reference to Subsection (3) of 42 U.S.C.A. § 1985(2). Starcher's motions to amend, (Docket Entries Nos. 9 & 10), are GRANTED. Any remaining pending motions are DENIED as moot.

The TDCJ-CID shall continue to deduct twenty percent of each deposit made to Starcher's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax:

936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on NOV 0 9 2018.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE